UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


**MARK McMASTER and TRACY McMASTER**                              **PLAINTIFFS**


**V.**                                            **CIVIL ACTION NO.1:06CV635 LTS-RHW**


**MERITPLAN INSURANCE COMPANY**
**and STATEWIDE INSURANCE SERVICES**                           **DEFENDANTS**


## MEMORANDUM OPINION

The Court has before it the motion [6] of the plaintiffs to remand this action to the Circuit Court of Hancock County, Mississippi, where it was originally filed. Defendant Meritplan Insurance Company (Meritplan) removed this case on grounds of diversity of citizenship based upon its allegation that the plaintiffs could not, as a matter of law, establish a bona fide claim against the non-diverse defendant Statewide Insurance Services (Statewide).

This case involves a claim for insurance benefits for property damage that occurred during Hurricane Katrina. Plaintiffs were insured under a homeowners policy issued by Meritplan. The plaintiffs purchased this coverage through Statewide, a local insurance agency. The plaintiffs did not purchase flood insurance, and the plaintiffs allege that Statewide negligently failed to advise them that they should purchase a flood insurance policy. The plaintiffs allege that they reasonably believed the Meritplan homeowners policy would cover water damage that occurred during a hurricane. The Meritplan homeowners policy contains an exclusion for water damage and does not cover flooding or water damage, including water damage that occurs during a hurricane.

The state court complaint alleges that a Statewide agent "made representations to the Plaintiffs that additional 'flood insurance' was not required on their property nor was it recommended. Plaintiffs were not given an explanation that allowed them to make an informed decision about any additional coverage which was available, nor even that there were any perils against which they were not insuring. Plaintiffs acted directly upon Defendants' recommendations and did not decline any additional coverage, nor was any recommended or offered. The Plaintiffs reasonably relied upon these representations of the Defendants and reasonably believed that their dwelling, other structures and personal property was [sic] protected from storm damaged [sic] including damage from hurricanes such as that actually experienced on or about August 29, 2005." (Complaint Paragraph 11)

Discovery has been conducted in this action to clarify the issues related to the motion to remand, particularly the allegations made against Statewide.  This discovery establishes that the plaintiffs purchased their Meritplan coverage through Statewide in a single telephone conversation.  During this conversation Plaintiff Tracy McMaster spoke with an individual she cannot identify.  She asked this individual for a quote on a homeowners policy with certain limits.  The individual provided the quote, and, finding the quoted price reasonable, Mrs. McMaster purchased the policy.  At no point during this lone conversation was there any mention of flood insurance by either Mrs. McMaster or the individual with whom she spoke.

The plaintiffs were aware that flood insurance was available in the insurance market, and they had previously owned a flood insurance policy on another home.  That policy was required by their mortgage lender because the mortgaged property was situated in a flood zone.

The plaintiffs were furnished with a copy of their Meritplan homeowners policy.  Mrs. McMaster stated that when she received the policy she "skimmed over it to make sure the coverages were what she [the Statewide representative] said they were going to be on the dwelling and the contents." (Tracy McMaster Deposition page 14, line 10 through page 15 line 10) The McMasters did not ask Statewide to send a representative to look at their property, and they did not request the advice of Statewide on the coverages that would be appropriate for their property.

The essence of the plaintiffs' complaint against Statewide is that Statewide's representative did not advise the McMasters that they should purchase or consider purchasing flood insurance for their home.  The plaintiffs allege that this was a violation of the standard of care that applies to Statewide.  The plaintiffs do not allege that Statewide gave them any incorrect information concerning flood insurance coverage or concerning the terms of the Meritplan homeowners policy.

The Legal Standard

A removing party has the burden of establishing his right of removal.  *Manguno v. Prudential Property & Casualty Insurance Co.* 276 F.3d 723 (5th Cir.2002).  The removing party also has the burden of establishing that a misjoinder has occurred and that the plaintiffs have no legitimate cause of action against the party they have allegedly misjoined. *Jones v. Nastech Pharmaceutical*, 319 F.Supp.2d 720 (S.D.Miss. 2004).  In making the determination whether a non-diverse defendant has been improperly joined, I must resolve all factual disputes in favor of the plaintiffs, and I must also resolve any uncertainties of state substantive law in favor of the plaintiffs.  In the absence of contrary evidence, I must assume the truth of the allegations of the complaint, and I must grant the plaintiffs all favorable inferences in support of their theory of recovery. *B.,Inc. v. Miller Brewing Co.*, 663 F.2d 545 (5th Cir.1981).  I may consider matters outside the pleadings if the removing party offers evidence that would

support a motion for summary judgment. *Worldwide Machinery Sales, Inc. v. Ill. Central R.R. Co.,* 26 F.Supp.2d 900 (S.D.Miss.1998).

One who undertakes to act as an insurance agent or an insurance broker owes his prospective insured a duty of reasonable care. *McKinnon v. Batte*, 485 So.2d 295 (Miss.1986). There are certainly circumstances in which it is reasonable for a prospective insured to rely on the advice, skill, and expertise of his insurance agent in selecting and securing appropriate coverages, and ordinarily this situation arises when the insured and his agent discuss the various risks that are to be insured against and the agent is asked to secure coverage that includes these particular risks. In these circumstances, the agent owes his prospective customer a duty of reasonable care. See: *Worldwide Machinery Sales, Inc. v. Illinois Cent. R.R. Co.,* 26 F.Supp.2d 900 (S.D.Miss. 1998); *Ritchie v. Smith*, 311 So.2d 642 (Miss.1975); *Taylor Machine Works, Inc. v. Great American Surplus Lines Insurance Co.,* 635 So.2d 1357 (Miss.1994).

To state a cause of action for negligent misrepresentation, the plaintiffs must prove that (1) there was a misrepresentation (or omission) of a fact, (2) the misrepresentation (or omission) was material, (3) the misrepresentation (or omission) was the product of negligence, (4) the person to whom the misrepresentation (or omission) was made reasonably relied upon the representation (or omission), and (5) the person to whom the representation (or omission) was made suffered damages as a direct and proximate result of reasonable reliance on the misrepresentation (or omission). *King v. Allstate Indemnity Co.*, 2006 WL 1139932 (S.D.Miss.); Berkline Corp. v. Bank of Mississippi, 453 So.2d 699 (Miss.1984); *Spragins v. Sunburst Bank*, 605 So.2d 777 (Miss.1992).

Conclusion

There is no dispute as to any material fact concerning the plaintiffs' claims against Statewide in the record before me. There was a single telephone conversation involved in the purchase of the plaintiffs' Meritplan coverage. The plaintiffs did not disclose any facts from which Statewide could be reasonably expected to determine the appropriate coverages for the plaintiffs' residential property. The plaintiffs did not seek any advice or opinion from Statewide concerning the coverages they should purchase, and Statewide did not undertake to give any advice regarding the coverage the plaintiffs should obtain. Mrs. McMaster asked the Statewide representative for a quote on a homeowners policy, a perfectly reasonable request, and she received an acceptable quote, a perfectly reasonable response. This occurred in a single telephone conversation, and there is no indication in the plaintiffs' deposition testimony that there were any facts given to Statewide which would have suggested that flood insurance was appropriate for the plaintiffs' residence.

Nor can I see any factual basis for a claim of negligent misrepresentation. In responding to the plaintiffs' request for a quote on homeowners coverage, the Statewide representative made no representations outside the price quoted for the coverage the plaintiffs specified. There is no indication in this record that the terms of

the Meritplan homeowners policy and the coverage provided by that policy did not conform to the plaintiffs coverage request.

Based upon these undisputed facts, I find, as a matter of law, that Statewide is entitled to a summary judgment in its favor. Applicable Mississippi law does not impose a general duty on an insurance agent or broker to advise his potential customers concerning their particular insurance needs. If the agent does undertake to give his advice on these matters, he is under a duty to meet the standard of reasonable care, but since Statewide's representative was neither asked to give advice nor volunteered any advice concerning the coverages the plaintiffs should purchase, and since the plaintiffs did not furnish Statewide with any information from which Statewide could reasonably be expected to determine the appropriate coverages for the plaintiffs' residential property I can see no basis for the plaintiffs' claim that Statewide breached its duty of reasonable care.

Requiring that Statewide go beyond responding to the coverage request the plaintiffs made would, in these circumstances, shift the basic responsibility for the determination of appropriate coverages from the insured to the local insurance agent, and the imposition of such a duty would go well beyond the limits of the agent's duty of reasonable care as that duty is delineated under current Mississippi law.

Accordingly, I will deny the plaintiffs' motion to remand, and I will dismiss the complaint as it applies to Statewide. An appropriate order will be entered.

**DECIDED** this 21st day of March , 2007.

            s/ L. T. Senter, Jr.

            L. T. SENTER, JR.
            SENIOR JUDGE