UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


MARK McMASTER AND TRACY McMASTER                                    PLAINTIFFS

V.                                                  CIVIL ACTION NO. 1:06cv635-LTS-RHW

MERITPLAN INSURANCE COMPANY                                          DEFENDANT


### ORDER

This matter is before the Court on Defendant Meritplan Insurance Company's (Meritplan) [64] Motion for Partial Summary Judgment. This motion is aimed at Plaintiffs' claims for fraud and misrepresentation.

This Court has already issued a [38] Memorandum Opinion and [39] Order denying Plaintiffs' [6] Motion to Remand and dismissing Statewide Insurance Services, a local insurance agency through which Plaintiffs purchased their homeowners policy issued by Meritplan. In concluding its [38] opinion, the Court summarized the circumstances surrounding the procurement of the Meritplan policy:

> There is no dispute as to any material fact concerning the plaintiffs' claims against Statewide in the record before me. There was a single telephone conversation involved in the purchase of the plaintiffs' Meritplan coverage. The plaintiffs did not disclose any facts from which Statewide could be reasonably expected to determine the appropriate coverages for the plaintiffs' residential property. The plaintiffs did not seek any advice or opinion from Statewide concerning the coverages they should purchase, and Statewide did not undertake to give any advice regarding the coverage the plaintiffs should obtain. Mrs. McMaster asked the Statewide representative for a quote on a homeowners policy, a perfectly reasonable request, and she received an acceptable quote, a perfectly reasonable response. This occurred in a single telephone conversation, and there is no indication in the plaintiffs' deposition testimony that there were any facts given to Statewide which would have suggested that flood insurance was appropriate for the plaintiffs' residence.
>
> Nor can I see any factual basis for a claim of negligent misrepresentation. In responding to the plaintiffs' request for a quote on homeowners coverage, the Statewide representative made no representations outside the price quoted for the coverage the plaintiffs specified. There is no indication in this record that the terms of the Meritplan homeowners policy and the coverage provided by that policy did not conform to the plaintiffs' coverage request.

In their response to Meritplan's instant request for partial summary judgment, Plaintiffs acknowledge Statewide's dismissal, but attempt to make the leap that what they were led to believe about the coverage under their homeowners policy "is integral to the resulting failure of Meritplan to thoroughly investigate and pay the insurance claim, thereby breaching the express contract terms and its implied covenants." ([68] at p. 1). By making this assertion, Plaintiffs grudgingly recognize that their cause of action is actually based on breach of contract, an entirely separate theory of recovery from fraud and misrepresentation. *See generally Leonard v. Nationwide Mutual Insurance Co.,* 499 F.3d 419, 438-42 (5th Cir. 2007) (discussion of a negligent misrepresentation claim).

It is incumbent upon Plaintiffs to come forward with more than conclusory allegations to defeat a properly supported motion for summary judgment. The most they can muster is deposition testimony that points to representations made by previous insurers or the now-dismissed broker, Statewide. Because there are no genuine issues of material fact on claims of fraud or misrepresentation against Meritplan, partial summary judgment is appropriate under Fed. R. Civ. P. 56.

Accordingly, **IT IS ORDERED**:

Meritplan's [64] Motion for Partial Summary Judgment as to any claims made by Plaintiffs based on fraud and misrepresentation is **GRANTED**.

**SO ORDERED** this the 3rd day of April, 2008.

s/ L. T. Senter, Jr.
L. T. SENTER, JR.
SENIOR JUDGE